## SCHOREMOYER et al. v. BARNES.

### The HIGGINS CRUISER HULL NO. 8907.

### No. 13356.

United States Court of Appeals, Fifth Circuit.

June 25, 1951.

Robert Eikel, John R. Brown, Houston, Tex., George M. Conner, Fort Worth, Tex., for appellant.

M. Hendricks Brown, Fort Worth, Tex. T. G. Schirmeyer, Houston, Tex., for appellee.

Before McCORD, RUSSELL and RIVES, Circuit Judges.

RIVES, Circuit Judge.

This is an action in Admiralty and is governed by the Limitation of Liability statutes, 46 U.S.C. §§ 182–189, 46 U.S.C.A. §§ 182–189. Mr. and Mrs. C. T. Schoremoyer filed a petition for exoneration from and limitation of their liability.

We quote from the Findings of Fact of the District Court:

"Lee Barnes had filed an action in the state Court to recover for injury to his right leg caused by the petitioners' vessel on or about August 8, 1948, while he was in swimming in Eagle Mountain Lake near Fort Worth, Texas. This action, with any others, was enjoined by order of this Court. Barnes thereafter filed in this admiralty action his said claim and an answer to the petition for limitation of liability within the times required by law. He contested the petitioners right to limit liability and contended that the Court should deny exoneration of liability and award the claimant, Barnes, damages *in rem* and *in personam* for all injuries caused by the accident.

"On Sunday, August 1, 1948 * * * the claimant, Lee Barnes, telephoned the petitioner, C. T. Schoremoyer III at his home, and initiated the suggestion that the two men and their wives all friends for a long time, go boating on Eagle Mountain Lake

in the aforesaid cruiser, and this suited Schoremoyer. The four of them drove to the lake and there boarded the boat. Barnes and his wife were guests of Schoremoyer and wife. They cruised around in the boat for a time and then the two men decided to stop the boat and go over the side for a swim in the lake. The two swam away a short distance from the boat and they used in their swimming at times airfloats which were part of the boat's equipment. In the meantime the boat was lying to, with the two wives aboard, and all four of them knew that Mrs. Barnes could not, but Mrs. Schoremoyer could, operate the boat.

"When the men were through swimming they signaled Mrs. Schoremoyer to pick them up. They were several yards apart in the water. She started the engines of the boat and set it in motion. She was at the wheel, and while she was trying to manage the boat so the men could reboard it, the propeller struck and cut the right leg and foot of the claimant, Barnes.

"The injuries sustained by the claimant in said casualty resulted proximately from the faulty handling of the cruiser in that Mrs. Schoremoyer negligently failed to keep a proper lookout and was unskillful in maneuvering the boat, and drove same fast as she approached the claimant.

"The conduct of the claimant, Barnes, was not negligent nor did it proximately cause the accident to him."

The appellants' contention is stated simply and succinctly in their brief: "Claimant Barnes was here injured while attempting to get aboard the motorboat of petitioners. He was petitioners' guest. The Texas guest statute (Article 6701(b) and (c), Revised Civil Statutes of Texas, 1925, as amended [Vernon's Ann.Civ.St. art. 6701 b]) denies a guest a right of recovery under such circumstances, and this lack of a right of action will be recognized in admiralty. The trial court therefore erred in failing to grant petitioners, appellants here, exoneration from liability."

An ingenious argument is made that a navigable waterway is a "public highway" and a motorboat is a "vehicle", in the senses in which the quoted terms are employed in the Texas guest statute.

The appellees on the other hand contend that the term "public highway" in its context in the statute does not include a navigable waterway, and that the term "vessel" is normally used to cover watercraft and the term "vehicle" to cover landcraft.

No authoritative case from the Texas courts has been cited, and no case has been found from any court in which a motor vehicle guest statute has been applied to a guest on a motorboat. The cases of application of such statutes to guests in automobiles are of course legion.

The forty-five volume work "Words & Phrases", the numerous cases under that heading in the digests, and a large part of our legal literature bear testimony to the uncertainty and imperfection of words as vehicles of thought. A more realistic approach in this case is first to find the evils which the guest statute was intended to correct.

In Johnson v. Smither, Ft. Worth Civ. App.1938, 116 S.W.2d 812, 814, the Court of Civil Appeals of Texas said: " * * * The history of Texas statute (which follows the Connecticut statute) and other like statutes, is that a serious situation appears to have arisen through mere guests, who were injured in automobile accidents, bringing suits against the owners and operators of such vehicles, where the owners, or operators, carried insurance, and a seeming disposition upon the part of such owners, or operators, to assist the guest in procuring a judgment for the personal injuries sustained. Such judgments in nowise injured the owner or operator but the actual recovery was against the insurance carrier. The various lawmaking bodies were of opinion that the bringing of such suits had become a 'racket.' "

In considering a similar guest statute, Mr. Justice Stone speaking for the Court in Silver v. Silver, 280 U.S. 117, 122, 50 S. Ct. 57, 58, 74 L.Ed. 221, said:

"The use of the automobile as an instrument of transportation is peculiarly the subject of regulation. We cannot assume that there are no evils to be corrected or

16

permissible social objects to be gained by the present statute. We are not unaware of the increasing frequency of litigation in which passengers carried gratuitously in automobiles, often casual guests or licensees, have sought the recovery of large sums for injuries alleged to have been due to negligent operation. In some jurisdictions it has been judicially determined that a lower standard of care should be exacted where the carriage in any type of vehicle is gratuitous. See Massaletti v. Fitzroy, 228 Mass. 487, 118 N.E. 168, L.R.A.1918C, 264; Marcienowski v. Sanders, 252 Mass. 65, 147 N.E. 275; Epps v. Parrish, 26 Ga.App. 399, 106 S.E. 297. Whether there has been a serious increase in the evils of vexatious litigation in this class of cases, where the carriage is by automobile, is for legislative determination, and, if found, may well be the basis of legislative action further restricting the liability. Its wisdom is not the concern of courts.

"It is said that the vice in the statute is not that it distinguishes between passengers who pay and those who do not, but between gratuitous passengers in automobiles and those in other classes of vehicles. * * *

"* * * In this day of almost universal highway transportation by motorcar, we cannot say that abuses originating in the multiplicity of suits growing out of the gratuitous carriage of passengers in automobiles do not present so conspicuous an example of what the Legislature may regard as an evil, as to justify legislation aimed at it, even though some abuses may not be hit. Carroll v. Greenwich Ins. Co., 199 U.S. 401, 411, 26 S.Ct. 66, 50 L.Ed. 246; People ex rel. Bryant v. Zimmerman, 278 U.S. 63, 73, 49 S.Ct. 61, 73 L.Ed. 184. It is enough that the present statute strikes at the evil where it is felt and reaches the class of cases where it most frequently occurs."

■ Since the Texas guest statute was borrowed from Connecticut, its construction by the Supreme Court of Errors of Connecticut in Russell v. Parlee, 115 Conn. 687, 163 A. 404, 406, is peculiarly applicable: "Its operation should not be extended beyond the correction of the evils and the attainment of the permissible social objects which, it may be assumed, were the inducing reasons for its enactment. Silver v. Silver, 280 U.S. 117, 122, 50 S.Ct. 57, 74 L.Ed. 221."

■ We hold that the Texas guest statute does not apply to motorboats operating upon the waterways and navigable lakes of the State of Texas.

That holding makes it unnecessary to decide whether or not in circumstances such as exist in this case the admiralty court will apply the local law.

The judgment of the District Court is affirmed.