## HOME LIFE INSURANCE COMPANY *v.* FISHER.

ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE NORTHERN DISTRICT OF FLORIDA.

No. 121. Submitted December 17, 1902.—Decided February 23, 1903.

The company defended an action on a policy of life insurance on the ground that statements of the insured as to his use of liquor and spirits in the application and in the declaration to the medical examiner were false and amounted to a breach of warranty; but it appeared that the warranty did not extend to the medical declaration; the jury were instructed that if they found either that before the insured made application he drank liquors either freely or to excess, or at the time that he made the application he had a habit of drinking liquor, they were to find for the company, the declaration and the application thus being put on the same footing; the jury found for the plaintiff; *Held*, that the jury must be taken to have found categorically that all of the answers were correct, and the question whether they were warranties or not became immaterial, and the verdict could not be reviewed except for improper instructions duly excepted to.

THE case is stated in the opinion of the court.

*Mr. W. A. Blount* for plaintiff in error.

*Mr. John C. Avery, Mr. R. M. Mahon* and *Mr. Benjamin C. Tunison* for defendant in error.

MR. JUSTICE HOLMES delivered the opinion of the court.

This is an action on a policy of life insurance, brought in the United States Circuit Court. The policy was taken out by one Maclean, the plaintiff's testator, on his own life. By a statute of Florida, if the plaintiff recovered, reasonable attorneys' fees were to be found by the jury and added to the judgment. Evidence was offered as to the proper fee, and was objected to on the ground that the statute was contrary to the Fourteenth Amendment. The evidence was admitted subject to exception, the plaintiff got a verdict and judgment, and the case was brought here by writ of error.

In view of the decision in *Fidelity Mutual Life Association* v. *Mettler*, 185 U. S. 308, the assignment of error in the ruling just stated is not pressed. But although it was that on which the case came up and which gives us jurisdiction, other errors are assigned, which are relied upon and which we must consider. *Horner* v. *United States, No. 2*, 143 U. S. 570, 577.

The policy purports to be made " in consideration of the statements and agreements made in the application for this policy, which are hereby made a part of this contract." The application " warrants " that the statements in it " are true, full and complete, . . . and are offered to the company, together with those contained in the declaration to the Home Life Insurance Company's medical examiner, as a consideration for, and as the basis of the contract with said company." The application contained the following questions and answers: " Q. Do you drink wine, spirits, or malt liquors ? A. Yes. Q. If so, which of these, and to what extent ? A. Moderately. Q. Have you ever used them freely or to excess ? A. No." The declaration to the medical examiner contained the following questions and answers: " Q. Do you drink wine, spirits, or

malt liquors, daily or habitually? A. No habit of drinking liquors. Q. If so, which of these, and to what extent daily? NOTE.—State the daily amount. General terms, such as temperately, ' moderately,' ' occasionally,' will not be accepted, and will necessitate correspondence." The second of these questions was not answered. The defendant, with superfluous multiplicity of pleas, set up that these answers were warranties, and again that they were material representations, and that they were false.

Demurrers to the pleas of breach of warranty and some pleas of false representation were sustained, mainly we presume on the authority of *Moulor* v. *American Life Insurance Co.*, 111 U. S. 335. So far as the declarations to the medical examiner are concerned, it will be seen that the word " warrant " does not extend to them. Grammatically, the meaning of the sentence, as it stands, is that the applicant warrants the statements in the application, and warrants that they are offered to the company, together with those in the declaration to the medical examiner, as the basis of the contract. If the sentence is taken a little more intelligently, we should assume that the word " they " has dropped out between " and " and " are offered," and that " warrant " does not govern that part of the clause. However read, the meaning is the same. With regard to the answer in the application, denying that the applicant ever had used spirits, etc., to excess, the strong language of the policy, making the application " part of the contract," affords ground for argument, at least, that the authority cited does not apply, and that this answer was warranted by the assured. But it is not necessary to decide that question in view of the trial and the subsequent ruling of the court.

The case went to trial on the seventeenth, twenty-first, twenty-sixth and twenty-seventh pleas. The seventeenth set up the last-mentioned answer, denying the use of spirits freely or to excess, and averred that it was material, induced the issuing of the policy, and was false in that the applicant had a habit of using spirits freely. The twenty-first was similar, except that the falsity alleged was that the applicant used spirits to excess.

The twenty-sixth set up the answers to the medical examiner; averred that the applicant did have a habit of drinking spirits; that the answer was material, and induced the making of the policy. The twenty-seventh plea was *non assumpsit.* Thus it will be seen that the facts relied on in the pleas held bad were in issue before the jury. This being so, it is questionable whether the plaintiff in error could complain, unless it could point out a mistaken instruction with regard to them at the trial. *Pollak* v. *Brush Electric Association of St. Louis,* 128 U. S. 446, 452, 453; *Lloyd* v. *Preston,* 146 U. S. 630, 644; *Hudmon* v. *Cuyas,* 57 Fed. Rep. 355, 358, 360. Clearly, if, under proper instructions, the jury found the facts not to be as charged, the plaintiff in error suffered no wrong. That was what happened in this case.

The jury were instructed that, if they found " either one to be true, that before Maclean made application, he drank liquors either freely or to excess, or at the time that he made the application he had a habit of drinking liquor," they were to find for the defendant, the declaration to the medical examiner thus being put upon the same footing as the application. The jury found for the plaintiff. Therefore they must be taken to have found categorically that no one of the supposed facts was true, or, in other words, that all of the above recited answers were correct. If so, it does not matter whether they were warranties or not. There is a suggestion, to be sure, that, in the latter case, the defendant would have had to prove only the " literal " falsity of the statement, whereas, in the other, proof of its substantial falsity was required. *Phœnix Life Insurance Co.* v. *Raddin,* 120 U. S. 183, 189. But the plain question of fact was put to the jury with no such niceties of discrimination. They found a plain answer, and the distinction comes too late now. It is said, also, that the charge in other parts did away with the requirement which we have quoted, and that, under the pleas of misrepresentation, the defendant had the burden of proving other facts. It does not appear to us that the requirement was done away with. On the contrary, it was reiterated. The burden of proving other facts was largely cut down by further instructions unnecessary to repeat, and

the burden of proving them did the defendant no harm when the jury found as they did with regard to Maclean's drinking. The alleged warranty that he drank moderately was satisfied by the findings, apart from other answers to the point made with regard to that. We see no reason to assume that the defendant was taken by surprise by the rulings in its favor and put in less evidence than it would have put in had the demurrers been overruled.

We see no ground for reversing the judgment in the other instructions to the jury. Moreover, the other questions raised are made immaterial by what we have said.

*Judgment affirmed.*