## BUSINESS MEN'S ASSUR. CO. OF AMERICA v. CAMPBELL.

(Circuit Court of Appeals, Eighth Circuit. May 16, 1925.)

No. 6692.

**I. Insurance ⬅➾668(6)—Whether statement by insured of his actual occupation was false held question for jury; "supervising."**

An application for an accident policy provided that the insurance should be based on the statements of facts therein contained, and in answer to questions applicant stated his occupation as "Prop. Hwd. Implements," and his "actual, duties" as "Prop. Hwd. Implements, office work and supervising only." In an action on the policy after his death, the answer alleged that the latter answer was false and fraudulent, and rendered the policy void; that the actual duties of insured were those of outside work in making sales, assembling, testing, and starting all kinds of machinery at his place of business and on the farms of customers, and involved manual labor. *Held,* that "supervising" a business like that of insured did not necessarily exclude the doing of any manual labor, and that whether insured was at the time engaged in actual duties not fairly included in supervising his business was a question of fact, to be established by evidence and determined by the jury.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Supervise.]

**2. Insurance ⊛⇒640(1)—Defense to action on policy held not supported by allegations.**

A defense attempted to be pleaded in the answer in an action on a policy *held* not supported by the allegations of fact.

In Error to the District Court of the United States for the District of Nebraska; Joseph W. Woodrough, Judge.

Action at law by Viola Campbell against the Business Men's Assurance Company of America. Judgment for plaintiff, and defendant brings error. Reversed and remanded.

Solon T. Gilmore, of Kansas City, Mo. (Denton Dunn, of Kansas City, Mo., on the brief), for plaintiff in error.

W. A. Prince, of Grand Island, Neb. (Harold A. Prince, of Grand Island, Neb., and Fred A. Nye, M. H. Worlock and Barlow Nye, all of Kearney, Neb., on the brief), for defendant in error.

Before STONE and LEWIS, Circuit Judges, and SCOTT, District Judge.

SCOTT, District Judge. An action at law by Viola A. Campbell, as beneficiary of Robert A. Campbell, against Business Men's Assurance Company of America, plaintiff in error here, to recover the sum of $5,000 upon a policy of accident insurance. It appears from the allegations of the plaintiff's petition that such policy issued to plaintiff's assured on May 9, 1921, and that said assured on October 24, 1922, while the policy was in full force, was killed in a collision of an automobile with a railway train at a highway crossing.

Plaintiff in error, defendant below, answered, setting up two defenses:

First, that on the 4th day of May, 1921, Robert A. Campbell made application in writing for insurance to the defendant, and in said application agreed that said insurance should be based upon the statements of facts therein contained, and said statement stated and represented that he was proprietor of a hardware and implement business located at Shelton, Neb., and that his actual duties were as indicated by two questions and answers, viz.:

"(3) What is your occupation? Prop. Hwd. Implements.

"(4) What are your actual duties? Prop. Hwd. Implements, office work and supervising only."

That relying on said facts the policy was issued for $5,000. That in truth said representations as to duties were false, and known to be false by said intestate. That in truth and in fact intestate's duties were that of outside work connected with his implement business, and consisted of making sales, assembling, testing, and starting of all kinds of farm machinery at his place of business and on the farms of customers, making delivery of heavy farm machinery, all of which necessitated manual labor on his part, as well as that of making collections in the country, which duties were much more hazardous than that of "office work and supervision only," and by reason of said false and fraudulent statements and representations said policy is void. That if defendant had known at the time said policy was issued that said representations and statements were false it would not have issued the same.

Second, that said policy contained the following provision, to wit:

"'Article X, Sec. 1. This policy includes the indorsements and attached papers, if any, and contains the entire contract of insurance, except as it may be modified by the company's classification of risks and premium rates in the event that the insured is injured or contracts sickness after having changed his occupation to one classified by the company as more hazardous than stated in the policy, or while he is doing any act or thing pertaining to any occupation so classified, except ordinary duties about his residence or while engaged in recreation, in which event the company will pay only such portion of the indemnities provided in the policy as the premium paid would have purchased at the rate, but within the limit so fixed by the company or such more hazardous occupation.

"'That the risks of persons engaged in machinery merchandising are classified by defendant classification manual—referred to in said policy—are as follows, viz.:

"'Machinery: (Agent, dealer, expert, salesman, supervising, setting up or testing of machinery no manual labor, Class C. $3,000.)

"'(Agent, dealer, salesman) office and traveling duties only, no manual labor, Sales A, $5,000.'

"That said Campbell at the time his death occurred was engaged in an occupation coming within limitations of that of class C according to defendant's classification manual, and the amount of liability this defendant incurred under the terms and conditions of said policy is the sum of $3,000, and the

utmost the defendant is liable in any event, if liable for any amount on said policy.

"This defendant says that at the time of the accidental death of the said Robert A. Campbell he was engaged in an occupation coming within that defined in class C of the Classification Manual of this company and the plaintiff is not entitled in any event according to the provisions contained in said policy, to recover any other or further sum than the sum of $3,000; and defendant alleges that on the 13th day of December, 1922, it offered to pay the said plaintiff the sum of $3,000 and transmitted its check to the plaintiff's attorney for said amount, duly signed, payable to the order of the plaintiff, for the purpose of carrying said offer into effect; and which said check and offer were duly declined and said check returned to this defendant, on account of the amount called for therein, and not otherwise; and this defendant brings said check into court and deposits the same with the clerk of this court tendering said amount in full and complete settlement of its liability, if liable in any amount on its policy involved herein, and not otherwise."

The plaintiff replied to defendant's answer by appropriate denials, putting in issue all of the defendant's allegations of fraud, deception, and concealment, and affirmatively alleged that plaintiff's assured truthfully explained the nature of his occupation and duties, and that defendant's agent, being fully advised, exercised his own judgment as to how such occupation and duties should be described in the application, which such agent wrote. Other matters are set forth in the reply, but we do not deem them responsive to the defendant's first defense, and for reasons later to appear in this opinion are not material to be considered in connection with the defendant's second contention.

[1] Upon the trial of the case plaintiff, defendant in error here, offered in evidence the policy, proofs of death, and certain other stipulations not material for consideration here, and rested. Thereupon the trial court, upon examination of the pleadings, refused to permit the defendant to introduce any evidence, and directed a verdict for the plaintiff for the full amount of the policy, with interest and an attorney's fee. The trial court was of the opinion that, upon the petition and answer, the plaintiff was entitled to recover; that, properly construed, questions and answers 3 and 4, quoted in defendant's answer, were entirely consistent with the allegations in defendant's answer as to intestate's true and actual occupation.

We are constrained to the conclusion that in so ruling the trial court committed error; that the defendant's first defense presents an issue peculiarly involving a jury question. The trial court in ruling made pronouncement of facts apparently by way of judicial notice, which we think are proper subjects of evidence and of determination by the jury. We think the question of fraud and the reliance thereon are matters for jury determination, and as to whether there has been a breach of warranty, as urged by counsel for plaintiff in error, we think that under proper instructions there was a question for the jury; that is, we think that interpretation of the questions and answers stressed by plaintiff in error may be properly enlightened by oral testimony.

In the application for insurance, which was upon a printed blank prepared by the insurance company, are two questions which, together with the answers made by the assured, are the basis of plaintiff in error's contention in its defense of fraud and breach of warranty. We quote these questions and answers:

"(3) What is your occupation? Prop. Hwd. Implements.

"(4) What are your actual duties? Prop. Hwd. Implements, office work and supervising only."

It is plaintiff in error's contention that these answers constitute a representation and warranty that plaintiff's assured was the proprietor of a hardware and implement business, and that his actual duties were confined to office work and supervising the business only; that proper interpretation of these answers, and particularly the last, "Hwd. Implements, office work and supervising only," excludes the duties and acts specified in the first division of defendant's answer—that is to say, "outside work connected with his implement business, * * * making sales, assembling, testing, and starting of all kinds of farm machinery at his place of business and on the farms of customers, making delivery of heavy farm machinery, all of which necessitated manual labor on his part, as well as that of making collection in the country, which duties were much more hazardous than that of 'office work and supervision only,'" Now, we are inclined to the opinion in this connection that plaintiff in error's contention must be sustained to the extent of holding that un-

der the language of the first division of the answer quoted, the defendant below might well have proved facts showing or tending to show that the actual duties of plaintiff's assured at the time and prior to the making of the application were other and beyond those reasonably implied from the language of the answers in question. On the other hand, as we shall proceed to show, we cannot follow plaintiff in error's counsel to their ultimate goal, as contended in the briefs and in oral argument at the hearing.

Counsel for plaintiff in error seem to contend that the language, "office work and supervision only," excludes all outside work and manual exertion, and is confined to office work and, so far as supervision is concerned, to mere observation and verbal directions. However, counsel in the brief does make this concession: "Of course, 'supervising' might apply to the general conduct of the business; but we cannot agree with the trial court that a hardware and implement proprietor in Buffalo county, Neb., or anywhere else, must necessarily be a manual working proprietor, whose actual duties were the outside work and heavy manual labor of the business. It is a well-known fact that many proprietors do only office work and supervise; i. e., 'oversee, have charge. of, with authority to direct or regulate,' as the Century Dictionary gives it, and this irrespective of location."

The trouble with plaintiff in error's counsel's contention is that they are disposed to draw the line too strictly, and construe the language of the answers in question too narrowly. To follow counsel, and adopt their line of reasoning and conclusions, would in practically all cases undoubtedly require the direction of a verdict for the defendant.

Now, counsel for defendant in error seem to have taken the other extreme, and adopted a. theory of construction which would limit the assured's actual duties only by the entire field occupied by a hardware implement business. Counsel in the briefs say: "It is our contention, and the authorities fully support our position, that the language in the policy itself, and in the application when taken together, describe Mr. Campbell's occupation as being that of a 'hardware and implement merchant,' engaged in that general business, *together with* office work and supervising, and that he performed the duties and did the work ordinarily incident thereto. We contend that no other proper construction can be placed upon the language. It is not claimed in the answer that Mr. Campbell did any other work than that

'connected with his business.' It is clearly contemplated by the language used that he was a hardware and implement merchant, and was doing the work ordinarily incident thereto."

The trial court in pronouncing judgment seems to have substantially adopted defendant in error's construction. We quote from the memoranda of the trial judge included in the record:

"As to whether the answer is true or false, taking the allegations of the answer, as disclosed on a proper interpretation of the question and answer, the substance of it is that the question was put to the applicant for answer, after having been asked the question, 'What is your occupation?' and he replied—let me get the—(reading) 'Proprietor Hardware Implements,' and then the question was put to him, 'What are your actual duties?' to which he replied, 'Proprietor Hardware Implements, office work and supervising only.' And the real difference turns upon the proper significance of the word 'only' in that answer. If you take it to mean that he was, and as represented by him, that all he did was office work and supervising, there might be some question as to whether an issue could be raised, although even that to my mind would be too remote, and in view of the allegations of the answer it is a very doubtful ground of defense.

"But that is not the proper interpretation of the answer that was given to interrogatory No. 4. The proper interpretation undoubtedly is that set forth in the little memorandum that has been handed up to me by Mr. Prince, in which he expresses his position even more cautiously and conservatively than I would have been inclined to express it myself, but beyond that, it seems to me, from the construction, the way he puts it is sound. He says, after taking up these questions and answers, the occupation of Mr. Campbell is thus described in the policy itself as being 'Proprietor Hardware Implements.' In answer to question 4 in the application, it is more fully described as 'Proprietor Hardware Implements, office work and supervising only.' The word 'only' clearly applies to the description that goes before it and the meaning of the entire phrase is that he was engaged in no other business than that pertaining to a hardware and implement business as the proprietor thereof and in the performance of the work and following of the same. The word 'supervising' clearly applies to the general conduct of the business and not supervising the office work only.

"It should be remembered that this description was written by the agent, although there is no proof of that, but the language chosen clearly indicates the purpose—is indicative of the purpose and clearly descriptive of the business. The attempt to place upon this language a construction that is sought to be placed upon it, and must in order to make the allegations of the answer at all relevant, seem to be entirely too narrow. The language of the application and the policy, when it is all taken together, describes Mr. Campbell's occupation as that of being a hardware and implement merchant, engaged in that business, together with office work and supervising, and that he performed the duties and did the work ordinarily incident thereto."

We are constrained to the conclusion that there is 'a middle ground, which more nearly accords with reason than that taken by either plaintiff or defendant in error, and which gives weight and meaning to all of the language used. Question 3 and its answer merely calls for and gives the general occupation of the applicant. Question 4 and its answer deal with specific duties of the applicant. The purpose of both of these questions and answers, however, is to disclose the real occupation of the applicant, in order that he may be properly classified. It does not follow, however, that every erroneous classification will warrant either the voiding of the policy or a reduction of the amount of the policy to conform to some other classification. This question will be more fully considered in dealing with the second defense set up in plaintiff in error's answer. In construing the answer to the fourth question in the application, we are led to the conclusion that the words, "office work and supervising only," modify the previous words of the same answer, "Prop. Hwd."; that the applicant in fact represented that, while he was the proprietor of a hardware and implement business, and that his duties pertained to those of such proprietor, his particular duties were limited to office work and general supervision. The word "supervising" is, however, in its nature elastic, depending in a measure upon the character of the business in question.

Counsel for plaintiff in error in their brief state a definition of this term as quoted from the Century Dictionary; i. e., "oversee, have charge of, with authority to direct or regulate." How may one oversee, have charge of, direct and regulate, a general farm implement business, without some degree of activity? Surely direction and regulation of such work may be in a measure demonstrative, and is not entirely confined to viewing and giving verbal directions. True, the term fairly excludes general or constant manual labor, but that one so occupied should at all times refrain from any active or demonstrative regulation, seems unreasonable. It is a matter of common knowledge that the business of merchandising farm implements takes one out of the office into the warehouse, to demonstration grounds, to farms and other places. We think that to supervise such a business means to supervise all of its activities, and may include "demonstrative direction" and "regulation" in selling, assembling, and teaching the use of farm implements. We do not mean to hold that the term in question would include all general manual labor usually performed by employés or others, and not necessary to the direction and regulation of the work or task in hand. We think that, in determining what is supervision of any particular business, one must consider the character of the business, its customs, and the manner of its general direction and regulation; that as these factors may be considered, evidence may be received to establish them, and hence that as to whether defendant in error's assured was at the time in question generally engaged in actual duties not fairly included in supervising the business. That was a fact question, to be established by evidence, and to be determined by the jury under proper instructions by the court.

We therefore conclude that the trial court erred in directing a verdict for the defendant in error, and that plaintiff in error should have been permitted to offer testimony in support of the first division of its answer, and, in case substantial evidence was adduced, that the question of fraud as pleaded and the reliance thereon be submitted to the jury, and the question of breach of warranty in case the jury should find that the actual duties of the assured at the time material to be considered, were other and beyond those necessarily included in supervising the assured's business.

[2] As to the second defense pleaded in plaintiff in error's answer, we think the ultimate ruling of the court was justified; that is, we think plaintiff in error's second attempted defense is inadequate and insufficient in law. In this division (division V) counsel for plaintiff in error set up article X, section 1, and attempt to plead themselves within one of the exceptions specified in that article. The article is as follows:

"Article X, Sec. 1. This policy includes the indorsements and attached papers, if any, and contains the entire contract of insurance, except as it may be modified by the company's classification of risks and premium rates, in the event that the insured is injured or contracts sickness after having changed his occupation to one classified by the company as more hazardous than that stated in the policy, or while he is doing any act or thing pertaining to any occupation so classified, except ordinary duties about his residence or while engaged in recreation, in which event the company will pay only such portion of the indemnities provided in the policy as the premium paid would have purchased at the rate, but within the limit so fixed by the company for such more hazardous occupation. If the law of the state in which the insured resides at the time this policy is issued requires that prior to its issue a statement of the premium rates and classification of risks pertaining to it shall be filed with the state official having supervision of insurance in such state, then the premium rates and classification of risks mentioned in this policy shall mean only such as have been last filed by the company in accordance with such law; but, if such filing is not required by such law, then they shall mean the company's premium rates and classification of risks last made effective by it in such state prior to the occurrence of the loss for which the company is liable."

This article was included in the policy pursuant to and in conformity with the requirement of subdivision 6, section 3240, of the Revised Statutes of Nebraska, which provides that no policy of insurance against loss or damage from disease or by bodily injury by accident, or both, of the assured, shall be issued or delivered in that state, unless it contains "a provision that, if the insured is injured or contracts disease after having changed his occupation to one classified by the company as more hazardous than that stated in the policy, or while he is doing any act pertaining to any occupation so classified, the company shall pay such proportion of the indemnities provided in the policy as the premium paid would have purchased at the rate, but within the limit fixed by the company, for such more hazardous occupation according to the company's rates and classification of risks filed with the insurance board in this state at, or prior to the date of insurance [sic] of the policy under which indemnity is claimed."

Examination of the defendant's answer discloses no allegation that the assured

6 F.(2d)—35

changed his occupation after the writing of the policy, nor does it disclose any allegation that the assured when- he met with the accident resulting in his death, was "doing any act pertaining- to any occupation" classified as more hazardous than that in which he was engaged when the policy was written. Defendant in its answer does not plead, nor does its counsel in argument stress the point, that the assured, when killed, was actually engaged in an act pertaining- to some occupation not covered by the policy. But the answer is drawn upon the theory only that assured's occupation at all times was one classified as more hazardous than that covered by the policy.

It follows that the case must be reversed and remanded for a new trial, and that the question whether the occupation of the assured at the time the policy was written, and the assured's general duties in connection with that occupation, went materially beyond that fairly necessary in supervising and directing the management of his business, including such demonstrative direction and acts as is usual and customary in supervising in such occupation, and excluding such duties and manual labor as are unusual and unnecessary in overseeing, directing, and regulating a business such as the one in question, must be submitted to the jury.

Reversed.