## BUSINESS MEN'S ASSUR. CO. OF AMERICA v. CAMPBELL.

(Circuit Court of Appeals, Eighth Circuit. March 22, 1927.)

No. 7518.

1. **Appeal and error ⚖=997(3)—Ruling on request for directed verdict by both parties held conclusive on conflicting evidence.**

Where only request of both parties is for directed verdict, the judge's ruling on conflicting evidence is conclusive on appeal.

2. **Courts ⚖=357—State statute, authorizing allowance of attorney's fees, held enforceable in a federal court.**

The statutory provisions as to costs to be taxed in a federal court apply to costs in ordinary meaning, and do not prevent enforcement in that court of a state statute authorizing allowance of attorney's fees in certain cases, because it provides that they shall be taxed as costs.

**3. Statutes ⚖=181(1)—Intent of lawmakers is paramount consideration in construing statutes.**

In construing statutes, it is the duty of the court to give effect to the intent of the lawmakers.

**4. Appeal and error ⚖=936(2)—Allowing statutory attorney's fee in unreasonable amount is abuse of discretion and reviewable.**

Allowance of an unreasonable sum as a statutory attorney's fee amounts to an abuse of discretion, and is reviewable as such.

**5. Insurance ⚖=675—Allowance of additional statutory attorney's fees because of necessity for second trial held error.**

Under a statute providing for allowance of a fee to plaintiff's attorney on recovery from an insurance company, where a judgment for plaintiff was reversed for error, an additional allowance should not be made because of a second trial.

**6. Insurance ⚖=675—Fixing statutory attorney's fee at 30 per cent. of $5,000 insurance claim held abuse of discretion.**

Allowance of a statutory attorney's fee equal to 30 per cent. of the amount of a $5,000 claim on insurance policy *held* an abuse of discretion.

**7. Costs ⚖=173(1)—Statutory attorney's fee must be reasonable.**

Statutes providing for an attorney's fee contemplate a reasonable fee.

In Error to the District Court of the United States for the District of Nebraska; Joseph W. Woodrough, Judge.

Action at law by Viola Campbell against the Business Men's Assurance Company of America. Judgment for plaintiff, and defendant brings error. Affirmed, on condition of remittitur.

Solon T. Gilmore, of Kansas City, Mo. (T. F. Hamer, of Kearney, Neb., and John Gilmore, of Kansas City, Mo., on the brief), for plaintiff in error.

W. A. Prince, of Grand Island, Neb. (Harold A. Prince, of Grand Island, Neb., Fred A. Nye, M. H. Worlock, and Barlow Nye, all of Kearney, Neb., on the brief), for defendant in error.

Before STONE and VAN VALKENBURGH, Circuit Judges, and TRIEBER, District Judge.

TRIEBER, District Judge. This is the second time this cause is before us on writ of error. On the former hearing the cause was reversed. 6 F.(2d) 540. The issues involved are set out fully in the opinion in that case and need not be again stated. On the second trial both parties requested a directed verdict, the court sustaining that of the plaintiff.

[1] It is too well settled to require citations of authorities that, if both parties to the action request, at the conclusion of all the evidence a directed verdict, and no other requests are made, the direction of a verdict is equivalent to a verdict of a jury.

At the former hearing this court held that, one " 'supervising' a business  *  *  * did not necessarily exclude the doing of any manual labor, and that, whether insured was at the time engaged in actual duties not fairly included in supervising his business was a question of fact, to be established by evidence and determined by the jury." This is the law of the case. The evidence was conflicting, and would have warranted, if submitted to the jury, a verdict for the plaintiff. Each of the parties having requested a directed verdict, the ruling of the trial judge is conclusive in this court.

[2] The court allowed an attorney's fee of $1,500 to be taxed as a part of the costs against the defendant, in conformity with the statute of Nebraska. Objection to this allowance was made at the time, and an exception saved.

It is contended on behalf of the defendant that, as the statute of the state requires this allowance to be taxed as costs, it is unenforceable in a court of the United States, as Congress provided for costs in that court, and none other can be taxed in a court of the United States.

In our opinion this applies only to ordinary costs, and not to allowances for attorneys' services provided by state statutes in certain actions. Similar statutes of states have been uniformly sustained by the courts of the United States. Fidelity Mutual Life Association v. Mettler, 185 U. S. 308, 22 S. Ct. 662, 46 L. Ed. 922; Iowa Life Ins. Co. v. Lewis, 187 U. S. 335, 355, 23 S. Ct. 126, 47 L. Ed. 204; Home Life Ins. Co. v. Fisher, 188 U. S. 726, 23 S. Ct. 380, 47 L. Ed. 667; Farmers' & Merchants' Ins. Co. v. Dobney, 189 U. S. 301, 304, 23 S. Ct. 565, 47 L. Ed. 821; Globe Indemnity Co. v. Sulpho-Saline Bath Co., 299 F. 219 (C. C. A. 8), certiorari denied 266 U. S. 606, 45 S. Ct. 92, 69 L. Ed. 464; Hartford Fire Ins. Co. v. Wilson & Toomer Fert. Co., 4 F.(2d) 835, 838 (C. C. A. 5).

In the Globe Indemnity Case, supra, this statute of Nebraska was upheld by this court. Missouri Pacific Ry. Co. v. Larabee, 234 U. S. 459, 34 S. Ct. 979, 58 L. Ed. 1398, relied on by counsel for plaintiff in error, is inapplicable to the issue in the case at bar.

In that case the Supreme Court of Kansas awarded to the plaintiff an allowance to attorneys for services rendered in the Supreme Court of the United States, to which court the cause had been removed by writ of error, in addition to the fee allowed for services in the state courts. The court in reversing this allowance held:

"It seems surperfluous to put the question since its very statement conveys of necessity a negative answer. For how on the face of the question, consistently with the most elementary principles of our constitutional system of government, can it be possibly assumed that a state statute could be made operative in the Supreme Court of the United States, to the disregard of its settled rule of procedure and of the principles which had guided its conduct from the beginning, directly sustained by express rule adopted under the sanction of Congress?" Page 471 (34 S. Ct. 984).

The lawmakers, in enacting this statute, evidently intended to meet the ruling in Railway Co. v. Ellis, 165 U. S. 150, 17 S. Ct. 255, 41 L. Ed. 666, where the imposition of an attorney's fee on the unsuccessful defendant was held void, as being a penalty, and was distinguished in the Mettler Case.

The statute was clearly intended to prevent insurance companies refusing payment of losses on frivolous grounds, and the delays incident to litigation, evidently to avoid the ruling in the Ellis Case, it was provided that the attorney's allowance be taxed as costs, instead of having it declared a penalty. [3] In construing statutes, it is the duty of the courts to give effect to the intent of the lawmakers. As held in Stewart v. Kahn, 78 U. S. (11 Wall.) 493, 504 (20 L. Ed. 176): "A case may be within the meaning of a statute and not within its letter, and within its letter and not within its meaning." Holy Trinity Church v. United States, 143 U. S. 457, 12 S. Ct. 511, 36 L. Ed. 226; Ozawa v. United States, 260 U. S. 178, 43 S. Ct. 65, 67 L. Ed. 199; Clark v. Mechanics' American Bank, 282 F. 589, 591 (C. C. A. 8). It is beyond question that this act was not intended to make such allowances ordinary costs as are fees of court officers or attorney's docket fees. Such allowances are made to the plaintiff and not to the counsel. Stuart v. Boulware, 133 U. S. 78, 10 S. Ct. 242, 33 L. Ed. 568. The objection is without merit. [4] The allowance of $1,500 as the attorney's compensation is excessive. An appellate court will not ordinarily substitute its judgment for that of the trial court. But, when that court falls into error, and makes

18 F.(2d)—15

an unreasonable allowance, it amounts to an abuse of discretion, and appropriate relief must be granted. Newton v. Consolidated Gas Co., 259 U. S. 101, 105, 42 S. Ct. 438, 66 L. Ed. 844. In that case no appeal had been taken from the order touching the matter of compensation to the special masters. The Supreme Court, of its own motion, considered the allowances excessive, and an abuse of discretion, and reversed the case on that point, with directions to fix the same at not exceeding $49,250. The allowances by the trial court were for $119,000.

In Missouri Pacific R. R. v. C. E. Ferguson Sawmill Co., 235 F. 474, this court reversed the court below, for having allowed an excessive attorney's fee, in an action to enforce a reparation order made by the Interstate Commerce Commission. See, also, City of New Orleans v. Malone, 12 F.(2d) 17 (C. C. A. 5). The record shows the following proceedings in the court below:

"The Court: Well now, there is the matter of attorneys' fees in this case. The statute provides that attorneys' fees should be allowed. Was there a fee allowed on the former trial?

"Mr. Prince: There was a $500 fee allowed before; the court knows the extensive amount of work that has been done in this case. I think we should have $1,000.

"The Court: You mean $1,000 in addition to what has already been allowed?

"Mr. Prince: Yes.

"Mr. Gilmore: We object to the allowance of any attorney fee except that fixed by the United States statutes, which, I believe, is $20. Our point is that the allowance of any other fee in this case is based upon a Nebraska statute, which is, and has been construed by the Supreme Court of Nebraska to be, a statute fixing the costs; that the costs fixed by the Nebraska statute do not apply in the federal courts.

"The Court: Well, the court will make an allowance in this case of $1,500 for attorneys' fees, and allow an exception.

"Mr. Gilmore: We save an exception to the court allowing any attorneys' fees except $20, the fee allowed by the federal statute. I would like to say one thing more about this allowance. When this case was heard before, you allowed $500. Through no fault of the defendant there was an error in the trial of that case, and the case had to be appealed in order to correct that error. Now, any extra allowance is allowing them for an error that they made in the process of their procedure, and penalizes us because they were fallible in the prosecution of their

case, and no allowance should be made in this case except an allowance for the trial at this time. When the plaintiff himself has led the court into error, then to bring us back here and make us pay for the former trial and the appeal and for this trial, when the one trial should have been sufficient, I submit to your honor, is making rather an excessive allowance for this defendant to pay."

The amount sued for was $5,000. The judgment at the first trial was reversed by this court. Defendant is certainly not liable for the unsuccessful result of plaintiff in that trial or this court.

[5, 6] The fee allowed by the trial judge at that time was $500. Why there should again be an allowance of the $500 for that trial, when the judgment was reversed, and $1,000 additional for trying it successfully the second time, is hard to understand, especially as the allowance was for $500 more than the attorney thought he was entitled to. The allowance is so exorbitant as to indicate that the court's discretion was not properly exercised.

The $500 fee allowed at the first trial was a fair compensation for the recovery of a judgment in an action to recover $5,000. As the judgment now before us for review required no greater time or ability, in fact less, as this court had settled the law of the case, we are of the opinion a fee of $500 is a fair allowance, and all that should have been allowed.

[7] Statutes providing for an attorney's fee contemplate a reasonable fee, and not a speculative or contingent fee based on the uncertainty of the result of the litigation. Merchants' Fire Ins. Co. v. McAdams, 88 Ark. 550, 115 S. W. 175. A fee equal to 30 per cent. of the amount involved in an action of this nature is an unreasonable allowance. In Mutual Life Ins. Co. v. Owen, 111 Ark. 554, 164 S. W. 720, and allowance of $2,000 as attorney's fee in an action on a policy for $10,000 was held excessive and reduced to $1,000. In Maryland Casualty Company v. Maloney, 119 Ark. 434, 178 S. W. 387, L. R. A. 1916A, 519, an allowance of an attorney's fee of $2,000 in an action on a policy for $5,000 was reduced to $500.

Unless the plaintiff will within 30 days from the filing of this opinion enter a remittitur of $1,000 on the fee allowed counsel for plaintiff, the cause will be reversed, with directions to grant a new trial. If the remittitur is filed, the cause will be affirmed for the amount of the judgment, less the $1,000 remitted; each party to pay one-half of costs of this court.