MIDWEST MUTUAL INSURANCE ASSOCIATION, Appellant, v. S. DE HOET, Appellee.

No. 39222.

DECEMBER 14, 1928.

REHEARING DENIED APRIL 5, 1929.

*C. B. Stull,* for appellant.

No appearance for appellee.

EVANS, J.—I.   The appellant presents five specific grounds of challenge to the legislation.   These may conveniently be reduced to three:   (1) That appellant's Articles of Incorporation and By-laws constitute a contract with the state of Iowa, and that Section 11044 impairs such contract; (2) that such section im-

pairs the obligation of plaintiff's existing contract of insurance with the defendant; (3) that such section is invalid, in that it constitutes class legislation.

Appellant sued upon the defendant's written application for insurance. In this application, the defendant agreed to pay "all just assessments at Des Moines, Iowa, and to be governed by  the Articles of Incorporation and By-laws of the Association." Appellant in its brief sets forth certain of its alleged Articles and By-laws, but the Articles and By-laws thus set forth do not appear in the record. From the recitals of the brief it appears that the plaintiff was organized as a corporation in May, 1926. Section 11044 became effective not later than July, 1925. The application signed by the defendant bears date of June 7, 1926. Inasmuch as the statute was enacted prior to the organization of the corporation, and prior to the contract of insurance, it cannot be said that its enactment impaired any then existing obligation of a contract. The plaintiff, therefore, is in no position to challenge the constitutionality thereof on such ground. The statute was a part of the existing law at the time of its incorporation, and as such became a part of its Articles and By-laws.

As to the other ground of challenge, it is sufficient to say that the statute is purely remedial. It simply fixes the venue of an action. In no legal sense does it impair the right of action. It is argued that, if the plaintiff be required to bring its suits for collection of assessments in the respective counties of which the respective defendants are resident, it will impose so great a burden upon the plaintiff as to render its causes of action without practical value. The undertaking of the insured is to pay "all *just* assessments." He has a right to be heard on the justness and validity of the assessment. According to the brief, the plaintiff does business in 98 counties other than Polk. It is permissible to legislation to deem the plaintiff present in every county wherein it does business. If it be more convenient to the plaintiff to bring all its suits in Polk County, it is self-evident that it would be equally *inconvenient* for all members nonresident in Polk County. If the plaintiff could not afford to bring suit for a small assessment in a distant county, neither could the resident of such county afford to defend in Polk County. It was permissible to the legislature to believe that the power to bring

all suits for assessments in one county could, and probably would, operate oppressively. It is argued that the effect of the statute is to render all assessments payable in the county of the member's residence; whereas the contract of the member renders the same payable in Des Moines. The contention is not sound. Notwithstanding the statute, it is still the duty of the member to pay at Des Moines, according to his contract. If he fails to do so, he has breached his contract, and has become suable thereby. The right to sue a defendant in the county where the contract is made payable, is purely statutory. It is not an inherent or fundamental right, independent of the statute, as appellant contends. Indeed, under the statute the primary jurisdiction over a defendant is in the county of his residence. An exception is made where suit is brought upon a contract payable in a particular place. This exception is statutory, and is itself qualified by Section 11044.

Whether the grounds of challenge here made, or any of them, would be available to one who held an existing contract at the time the legislation went into effect, we have no occasion to consider; nor do we pass upon the validity of the statute in that regard. We hold at this point only that such section is unassailable by one whose rights accrued after the statute came into effect.

II. Is the statute vulnerable to the charge that it is class legislation, and that its application to the particular persons and corporations is arbitrary and unreasonable, whereby it is rendered unconstitutional? The Constitution requires that laws be uniform in their application and operation. This means that they must be applicable to all persons under like circum-stances. A statute may in fact be applicable, in a practical sense, to a small fraction only of the people who compose the state, because only such small fraction of people have seen fit to put themselves into the circumstances to which the statute applies. The statute is not rendered necessarily unconstitutional by reason of such fact. Practical legislation must, of necessity, create classification. The rule of restraint upon the legislative body in that regard is that its classifications must be predicated upon natural and reasonable distinction, and not upon an arbitrary or capricious one. The rule in this regard is well settled by our previous cases and by universal authority in all jurisdictions of

this country. See *Hubbell v. Higgins,* 148 Iowa 36; *Shaw v. City of Marshalltown,* 131 Iowa 128; *Mumford v. Chicago, R. I. & P. R. Co.,* 128 Iowa 685; *McGuire v. Chicago, B. & Q. R. Co.,* 131 Iowa 340; *Chicago, B. & Q. R. Co. v. McGuire,* 219 U. S. 549; *Carroll v. Greenwich Ins. Co.,* 199 U. S. 401; *State v. Fairmont Creamery Co.,* 153 Iowa 702.

The contention of the appellant is that the classification of this statute is arbitrary and unreasonable, in that it applies only to insurance other than life insurance, and that it therefore works a discrimination in its operation, as between life insurance and non-life insurance.

It will be noted that this statute (which we have quoted above) purports to apply to "assessments levied by associations organized under the provisions of Chapter 406." Turning to Chapter 406, we find that it is one of the seventeen chapters of Title XX of the Code of 1924. This title is devoted wholly to the subject of insurance in all its numerous forms. It deals with the subject of life insurance under different sections and different chapters. Chapter 406 deals with the form of insurance described in its caption as follows: "Mutual Fire, Tornado, Hailstorm and Other Assessment Insurance Associations." Forty sections are devoted to this subject in this chapter. It will be noted by the foregoing caption that it applies to all *assessment* insurance associations. Section 11044 does not purport to classify. It simply recognizes the classification already made in another title of the Code. If the classification is to be deemed an arbitrary one, then the offending statutes are to be found in Title XX of the Code. That a statute should deal specifically with assessment insurance, as distinguished from other forms of insurance, is not, to our minds, suggestive of an arbitrary classification. That legislation which confers power to levy assessments *ex parte* upon member-policyholders should also regulate the method of collection of such assessment as would afford reasonable protection to the assessed member against illegal or unjust assessment, is not, to our minds, suggestive of arbitrary classification.

In *McAunich v. Mississippi & M. R. Co.,* 20 Iowa 338, we discussed the question of uniformity in the application of a statute as follows:

"These laws are general and uniform, not because they operate upon every person in the state, * * * but because every person who is brought within the relations and circumstances provided for is affected by the law. They are general and uniform in their operation upon all persons in the like situation, and the fact of their being general and uniform *is not affected by the number of persons within the scope of their operation.*"

In *McGuire v. Chicago, B. & Q. R. Co.*, 131 Iowa 340, we said:

"But the reasonable classification of persons for the purposes of legislation according to occupation, business, or other circumstances, by which one class or portion of the people is differentiated from other portions or classes, has often been held not to be a violation of this constitutional guaranty. The mere fact that legislation is special, and made to apply to certain persons and not to others, does not affect its validity, if it be so made that all persons subject to its terms are treated alike under like circumstances and conditions."

In *Carroll v. Greenwich Ins. Co.*, 199 U. S. 401, the Supreme Court of the United States had before it the question of the validity of a statute that was confined in its application to fire insurance companies alone. The discussion of that court on that question is enlightening and necessarily authoritative. It said:

"At the argument before us more special reasons were assigned. It was pressed that there is no justification for the particular selection of fire insurance companies for the prohibitions discussed. * * * if an evil is specially experienced in a particular branch of business, the Constitution embodies no prohibition of laws confined to the evil, or doctrinaire requirement that they should be couched in all-embracing terms. It does not forbid the cautious advance, step by step, and the distrust of generalities which sometimes have been the weakness, but often the strength, of English legislation. *Otis v. Parker*, 187 U. S. 606, 610, 611 [23 Sup. Ct. 168, 47 L. Ed. 323]. And if this is true, then, in view of the possible teachings to be drawn from a practical knowledge of the business concerned, it is proper that courts should be very cautious in condemning what legislatures have approved. If the legislature of the state of Iowa deems it desir-

able artificially to prevent, so far as it can, the substitution of combination for competition, this court cannot say that fire insurance may not present so conspicuous an example of what that legislature thinks an evil as to justify special treatment. The imposition of a more specific liability upon life and health insurance companies was held valid in *Fidelity Mutual Life Insurance Co. v. Mettler,* 185 U. S. 308 [22 Sup. Ct. 662, 46 L. Ed. 922]. See, also, *Missouri Pacific Ry. Co. v. Mackey,* 127 U. S. 205 [8 Sup. Ct. 1161, 32 L. Ed. 107]; *Orient Insurance Co. v. Daggs,* 172 U. S. 557 [19 Sup. Ct. 281, 43 L. Ed. 552]; *Otis v. Parker,* 187 U. S. 606 [23 Sup. Ct. 168, 47 L. Ed. 323]; *Home Life Insurance Co. v. Fisher,* 188 U. S. 726, 727 [23 Sup. Ct. 380, 47 L. Ed. 667]."

See, also, *Southwestern Oil Co. v. State of Texas,* 217 U. S. 114 (30 Sup. Ct. 496, 54 L. Ed. 688); *Western Union Tel. Co. v. Commercial Mill. Co.,* 218 U. S. 406 (31 Sup. Ct. 59, 54 L. Ed. 1088); *Griffith v. State of Connecticut,* 218 U. S. 563 (31 Sup. Ct. 132, 54 L. Ed. 1151); *Kentucky Union Co. v. Commonwealth of Kentucky,* 219 U. S. 141 (31 Sup. Ct. 171, 55 L. Ed. 137); *German Alliance Ins. Co. v. Hale,* 219 U. S. 307 (31 Sup. Ct. 246, 55 L. Ed. 229); *Brown-Forman v. Commonwealth of Kentucky,* 217 U. S. 563 (30 Sup. Ct. 578, 54 L. Ed. 883); *Williams v. State of Arkansas,* 217 U. S. 79 (30 Sup. Ct. 493, 54 L. Ed. 673). See, also, *State ex rel. Young v. Standard Oil Co.,* 111 Minn. 85 (126 N. W. 527).

We think the foregoing should be deemed a sufficient discussion of the question raised by appellant at this point. We are clear that the statute is not vulnerable to the charge of arbitrary classification.

The judgment of the lower court is—*Affirmed.*

STEVENS, C. J., and FAVILLE, DE GRAFF, ALBERT, MORLING, KINDIG, and WAGNER, JJ., concur.