GRAIN BELT INSURANCE COMPANY, Appellant, v. W. F. GENTRY, Appellee.

No. 39223.

22

JANUARY 8, 1929.

REHEARING DENIED APRIL 5, 1929.

C. B. *Stull,* for appellant.

*Carl A. Burkman,* for appellee.

EVANS, J.—The grounds of reversal assigned herein are all predicated upon the alleged unconstitutionality of Section 11044-a1, Code of 1927. With one qualification, the case is identical in its material facts with that of *Midwest Mut. Ins. Assn. v. De Hoet,* 208 Iowa 49. In the cited case, the statute was in effect at the time the contract of insurance was entered into. In the case at bar, the contract sued on was an existing contract at the time the statute in question went into effect. This is the distinction between the two cases. As pointed out in the cited case, the statute in question is purely remedial, and has to do only with the venue of actions brought upon the class of contracts described therein. The legislative power to enact or amend remedial statutes and to make the new statute applicable to existing contracts is quite universally recognized in all jurisdictions. Only extraordinary and exceptional provisions have ever been denounced by the courts as impairing the obligation of the existing contract. The brief of appellant quotes from the opinion of the Supreme Court of the United States in *Bronson v. Kinzie,* 1 How. (U. S.) *311, *315, the following:

"* * * a state may regulate at pleasure the modes of proceeding in its courts in relation to past contracts, as well as fu-

ture. It may, for example, shorten the period of time within which claims shall be barred by the statute of limitations. It may, if it thinks proper, direct that the necessary implements of agriculture, or the tools of the mechanic, or articles of necessity in household furniture, shall, like wearing apparel, not be liable to execution on judgments. Regulations of this description have always been considered, in every civilized community, as properly belonging to the remedy, to be exercised or not by every sovereignty, according to its own views of policy and humanity. It must reside in every state to enable it to secure its citizens from unjust and harassing litigation, and to protect them in those pursuits which are necessary to the existence and well-being of every community. *And, although a new remedy may be deemed less convenient than the old one, and may in some degree render the recovery of debts more tardy and difficult, yet it will not follow that the law is unconstitutional.* Whatever belongs merely to the remedy may be altered according to the will of the state, provided the alteration does not impair the obligation of the contract. But if that effect is produced, it is immaterial whether it is done by acting on the remedy or directly on the contract itself. In either case it is prohibited by the Constitution. * * * [p. *317] It is difficult, perhaps, to draw a line that would be applicable in all cases between legitimate alterations of the remedy and provisions which, in the form of remedy, impair the right. But it is manifest that the obligation of the contract, and the rights of a party under it, may, in effect, be destroyed by denying *a remedy altogether*; or may be seriously impaired by burdening the proceedings with new conditions and restrictions, so as to make the remedy hardly worth pursuing. And no one, we presume, would say that there is any substantial difference between a retrospective law, declaring a particular contract or class of contracts to be abrogated and void, and one which *took away all remedy* to enforce them, or incumbered it with conditions that rendered it useless or impracticable to pursue it.''

We quote the foregoing because it comprises quite concisely the whole law upon this subject. The statute under attack is sustained by the foregoing pronouncement, rather than condemned.

24

In all other respects, what we have said in the case of *Midwest Mut. Ins. Assn. v. De Hoet* is applicable to the case at bar.

It is noted in the appellant's argument that the lower court taxed against the plaintiff the defendant's cost and expense of attending court in the wrong county. Such complaint was not assigned as a ground for reversal, these being confined solely to the question of constitutionality of the statute.

Whether the defendant pursued proper procedure; whether he should have moved before judgment for a change of venue to the proper county; whether, after judgment and on a motion to dismiss, he was entitled to costs and expense of attending court at the wrong county,—these are all questions none of which were assigned as grounds of reversal. Therefore we have given them no consideration, and we intimate no opinion thereon.

The judgment of the lower court is, accordingly,—*Affirmed.*

ALBERT, C. J., and STEVENS, FAVILLE, KINDIG, and WAGNER, JJ., concur.