COHEN (COHEN, Intervener) v. BENEFICIAL INDUSTRIAL LOAN CORPORATION et al.

Civil Action No. 3033.

District Court, D. New Jersey.

June 27, 1947.

See also 69 F. Supp. 297.

Wall, Haight, Carey & Hartpence, of Jersey City, N. J., for plaintiff.

Emerson, Emery & Danzig, of Newark, N. J., for defendant Beneficial Industrial Loan Corporation.

Charles Hershenstein, of Jersey City, N. J., for intervener.

SMITH, District Judge.

This is a stockholder's derivative action brought by the plaintiff on behalf of the corporate defendant and against the individual defendants, the officers and directors of the corporate defendant. The jurisdiction of the court is based solely upon the alleged diversity of citizenship.

The action is before the Court at this time on the motion of the corporate defendant to require the plaintiff "to give security for the reasonable expenses, including counsel fees, which may be incurred by it * * * and by the other parties defendant * * * for which it may become subject pursuant to law, * * * or under equitable principles." The corporate defendant asserts a right to such security under section 15, chapter 3, Title 14 of the Revised Statutes of New Jersey, R. S. 14:3–15, N.J.S.A. 14:3–15, hereinafter designated as the General Corporations Act, the pertinent provisions of which follow: "In any action instituted or main-

354

tained in the right of any domestic or foreign corporation by the holder or holders of shares, or of voting trust certificates representing shares, of such corporation having a total par value or stated capital value of less than five per centum (5%) of the aggregate par value or stated capital value of all the outstanding shares of such corporation's stock of every class, exclusive of shares held in the corporation's treasury, unless the shares or voting trust certificates held by such holder or holders have a market value in excess of fifty thousand dollars ($50,000.00), the corporation in whose right such action is brought shall be entitled, at any stage of the proceeding before final judgment, to require *the complainant or, complainants to give security for the reasonable expenses, including counsel fees, which may be incurred by it in connection with such action* and by the other parties defendant in connection therewith for which it may become subject pursuant to law, its certificate of incorporation, its by-laws or under equitable principles, *to which the corporation shall have recourse in such amount as the Court having jurisdiction shall determine upon the termination of such action.* The amount of such security may thereafter, from time to time, be increased or decreased in the discretion of the court having jurisdiction of such action upon showing that the security provided has or may become inadequate or is excessive." (Emphasis by the Court.)

It is the contention of the corporate defendant that the quoted statute creates a right of substantive character which must be enforced in this court under the doctrine of Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, 114 A.L.R. 1487. We cannot agree with this contention. The statute does not grant to the corporate defendant an absolute right to counsel fees and expenses upon the successful termination of the action. The statute grants to the corporate defendant nothing more than a right to require security for the payment of counsel fees and costs, their allowance to await determination by the court upon termination of the action. This right is remedial and not substantive. Boyd v. Bell, D.C., 64 F.Supp. 22, 24. See also Pusey & Jones Co. v. Hanssen, 261 U.S. 491, 497, 43 S.Ct. 454, 67 L.Ed. 763.

The stockholders derivative suit is a remedy peculiar to equity and, as in other suits in equity, the jurisdiction of the court of chancery to award counsel fees and costs as between party and party, as distinguished from the right of a party to require security for their payment, is governed by section 131, chapter 29, Title 2 of the Revised Statutes of New Jersey, R.S. 2:29–131, N.J.S.A. 2:29–131, hereinafter designated as the Chancery Act, the pertinent provisions of which are quoted in the footnote.[1] It is well established that the allowance of such fees and costs under this statute is within the sound discretion of the court of chancery, Lane v. Rushmore, 127 N.J.Eq. 23, 11 A.2d 91; Grunstra v. New-Ark Petroleum Corp., 111 N.J. Eq. 451, 162 A. 746, and the successful party is not entitled to an allowance of such fees and costs as a matter of right. Henn v. Clifford J. Heath, Inc., 102 N.J.Eq. 596, 141 A. 769. The pertinent provisions of the General Corporations Act are clearly consistent with these established principles and should be so construed.

The General Corporations Act neither abridged the recognized statutory jurisdiction of the court of chancery nor granted the corporate defendant a substantive right to counsel fees and expenses inconsistent therewith. The statutory juris-

[1] "In any cause, matter or proceeding in the court of chancery the chancellor may make such allowances by way of counsel fee to the party obtaining the order or decree as shall seem to him to be reasonable and proper, and shall direct which of the parties shall pay such allowances; or, where such allowances are ordered to be paid out of property or funds, shall specify and direct the property or funds liable therefor.

"The chancellor may provide for the inclusion of such allowances in the taxable costs, or may provide for their collection in such other manner as is agreeable to the practice of the court.

"Such allowances shall be in lieu of any allowance for counsel fees provided for by statute."

diction of the court of chancery, derived from the Chancery Act, was impliedly augmented by the General Corporations Act to permit enforcement of the remedy made available thereunder to the corporate defendant. The legislation was clearly remedial and created no right of substantive character. The discretionary power of the court of chancery to allow counsel fees and costs as between party and party is not affected by the General Corporations Act.

■ The right of the corporate defendant under the said Act to require the plaintiff to give security for counsel fees and expenses as a condition precedent to the maintenance of his suit, is obviously a limitation upon the right of the plaintiff to invoke the jurisdiction of the court. This limitation, created only by state statute and enforceable in the state court, may not be enforced in the federal court. Missouri Pacific Ry. Co. v. Larabee, 234 U.S. 459, 471, 34 S.Ct. 979, 58 L.Ed. 1398; Orlando Candy Co. v. New Hampshire Fire Ins. Co., D.C., 51 F.2d 392, 393, and other cases hereinafter cited.

■ This remedy, although available to the corporate defendant in the state courts, may not be enforced in this court. It is well established that new equitable rights of substantive character created by state statute may be enforced by the federal courts, the jurisdictional requirements being present, Guaranty Trust Co. v. York, 326 U.S. 99, 65 S.Ct. 1464, 89 L.Ed. 2079, 160 A.L.R. 1231, but it is equally well established that the equity jurisdiction of the federal courts to enforce such rights may not be limited or impaired by state statute. Matthews v. Rodgers, 284 U.S. 521, 529, 52 S.Ct. 217, 76 L.Ed. 447; Henrietta Mills v. Rutherford County, 281 U.S. 121, 127, 50 S.Ct. 270, 74 L.Ed. 737; Pusey & Jones Co. v. Hanssen, 261 U.S. 491, 497, 43 S.Ct. 454, 67 L.Ed. 763; Mason v. United States, 260 U.S. 545, 557; 43 S.Ct. 200, 67 L.Ed. 396; Mississippi Mills v. Cohn, 150 U.S. 202, 205, 14 S.Ct. 75, 37 L.Ed. 1052; Dodge v. Tul ys, 144 U.S. 451, 457, 12 S.Ct. 728, 36 L.Ed. 501; Purcell v. Summers, 4 Cir., 145 F.2d 979, 990; Black & Yates v. Mahogany Ass'n, 3 Cir., 129 F.2d 227, 233, 148 A.L.R. 841. Neither the equity jurisdiction of the federal courts nor the right of the litigant to invoke it may be abridged by state legislation.

The opposite principles determinative of procedural conflicts were succinctly stated by Justice Frankfurtor in the case of Guaranty Trust Co. v. York, supra, 326 U. S. at page 105, 65 S.Ct. at page 1468, 89 L. Ed. 2079, 160 A.L.R. 1231; "This does not mean that whatever equitable remedy is available in a State court must be available in a diversity suit in a federal court, or conversely, that a federal court may not afford an equitable remedy not available in a State court. Equitable relief in a federal court is of course subject to restrictions: the suit must be within the traditional scope of equity as historically evolved in the English Court of Chancery, Payne v. Hook, 7 Wall. 425, 430, 19 L.Ed. 260; Atlas Life Ins. Co. v. W. I. Southern, Inc., 306 U.S. 563, 568, 59 S.Ct. 657, 659, 83 L. Ed. 987; Sprague v. Ticonic [Nat.] Bank, 307 U.S. 161, 164, 165, 59 S.Ct. 777-779, 83 L.Ed. 1184; a plain, adequate and complete remedy at law must be wanting, § 16, 1 Stat. 73, 82, 28 U.S.C. § 384, 28 U.S.C. A. § 384; explicit Congressional curtailment of equity powers must be respected, see, e. g., Norris-LaGuardia Act, 47 Stat. 70, 29 U.S.C. § 101 et seq., 29 U.S.C.A. § 101 et seq.; the constitutional right to trial by jury cannot be evaded, Whitehead v. Shattuck, 138 U.S. 146, 11 S.Ct. 276, 34 L. Ed. 873. That a State may authorize its courts to give equitable relief unhampered by any or all such restrictions cannot remove these fetters from the federal courts. See Clark v. Smith, 13 Pet. 195, 203, 10 L. Ed. 123; In re Broderick's Will, 21 Wall. 503, 519, 520, 22 L.Ed. 599; Louisville & Nash. R. Co. v. Western Union Tel. Co., supra, at page 376, 34 S.Ct. [810], at page 812, 58 L.Ed. 1356; Henrietta Mills v. Rutherford Co., 281 U.S. 121, 127, 128, 50 S.Ct. 270, 272, 74 L.Ed. 737; Atlas Life Ins. Co. v. W. I. Southern, Inc., supra, 306 U.S. at pages 568, 570, 59 S.Ct. at pages 659, 660, 83 L.Ed. 987. State law cannot define the remedies which a federal court must give simply because a federal court in diversity jurisdiction is available as an alternative tribunal to the State's courts. Contrariwise, a federal court may afford an equitable remedy for a substantive right recog-

nized by a State even though a State court cannot give it. Whatever contradiction or confusion may be produced by a medley of judicial phrases severed from their environment, the body of adjudications concerning equitable relief in diversity cases leaves no doubt that the federal courts enforced State-created substantive rights if the mode of proceeding and remedy were consonant with the traditional body of equitable remedies, practice and procedure, and in so doing they were enforcing rights created by the States and not arising under any inherent or statutory federal law."

There have been cases in which the federal courts have recognized and enforced, as a right substantive in character, the right of the successful plaintiff to recover attorneys fees and costs. Sioux County v. National Surety Co., 276 U.S. 238, 48 S.Ct. 239, 72 L.Ed. 547; Home Life Ins. Co. v. Fisher, 188 U.S. 726, 23 S.Ct. 380, 47 L.Ed. 667; Iowa Life Ins. Co. v. Lewis, 187 U.S. 335, 23 S.Ct. 126, 47 L.Ed. 204; Fidelity Mutual Life Ass'n v. Mettler, 185 U.S. 308, 22 S.Ct. 662, 46 L.Ed. 922. The cases cited by the corporate defendant in its brief are in this category. Associated Manufacturers Corp. v. De Jong, 8 Cir., 64 F.2d 64; Pond v. Goldstein, 9 Cir., 41 F.2d 76; Business Men's Assur. Co. v. Campbell, 8 Cir., 18 F.2d 223. The cited cases, however, are easily distinguishable from the present case. It will be observed that in each of these cases the liability of the defendant for attorneys fees and costs was a statutory liability assumed by the defendant under contract, and the right of the plaintiff to their recovery was absolute; the allowance of attorneys fees and costs was not within the discretion of the court, but their award as an element of damage was mandatory. Ibid. These were important differentiating factors and were so regarded by the courts.

There have been other cases in which the historic equity jurisdiction of the federal courts to allow attorneys fees and costs as between solicitor and client has been sustained as inherent. Sprague v. Ticonic Nat. Bank, 307 U.S. 161, 59 S.Ct. 777, 83 L.Ed. 1184; Central Railroad & Banking Co. v. Pettus, 113 U.S. 116, 5 S.Ct. 387, 28 L.Ed. 915; Trustees v. Greenough, 105 U. S. 527, 26 L.Ed. 1157; Lamar v. Hall & Wimberly, 5 Cir., 129 F. 79. These cases are likewise easily distinguishable from the present case. It will be observed that in each of the cited cases, as well as in many others not cited, attorneys fees and costs were assessed against the beneficiaries of the litigation pursuant to commonly accepted equitable principles. Ibid.

■■ The present case is governed by the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, promulgated by the Supreme Court pursuant to Sections 723b and 723c of Title 28 U.S.C., 28 U.S.C.A. §§ 723b and 723c. There is nothing therein which permits the allowance of "counsel fees and expenses" as between party and party; in fact, Section 571 of Title 28 U.S.C., 28 U.S.C.A. § 571, as construed by the courts, prohibits such allowances in the absence of express statutory authority. Tullock v. Mulvane, 184 U.S. 497, 511, 22 S.Ct. 372, 46 L.Ed. 657; Oelrichs v. Spain, 15 Wall. 211, 230, 82 U. S. 211, 230, 21 L.Ed. 43; McIntosh v. Ward, 7 Cir., 159 F. 66, 68; Farmers' Loan & Trust Co. v. Green, 5 Cir., 79 F. 222, 225. Cf. Gold Dust Corp. v. Hoffenberg, 2 Cir., 87 F.2d 451, 453; Marks v. Leo Feist, Inc., 2 Cir., 8 F.2d 460. It seems reasonably clear that under the Federal Rules of Civil Procedure the recoverable costs are limited to the ordinary taxable costs. It would be obviously futile to require the plaintiff in the instant case to give security for the payment of "counsel fees and expenses" if, as the cases seem to hold, there is no jurisdiction in the court to allow them upon termination of the suit.

■■ The contention that the General Corporations Act created a right substantive in character, if adopted, will not avail the corporate defendant. The said defendant is admittedly a corporation of the State of Delaware, and it necessarily follows that the law of Delaware is determinative not only of the liability of its officers and directors but also of the rights of stockholders. Prudential Ins. Co. of America v. Carlson, 10 Cir., 126 F.2d 607, 611; Gallup v. Caldwell, 3 Cir., 120 F.2d 90. The liability of the corporate defendant for counsel fees and expenses may be charged against the

plaintiff stockholder, upon the successful defense of the stockholders derivative action, only if such fees and expenses are recoverable as a matter of right under the laws of Delaware.

The constitutionality of the General Corporations Act is challenged by the plaintiff, and this challenge may not be without merit. See Zlinkoff, the American Investor and the Constitutionality of Section 61-B of The New York General Corporation Law, 54 Yale L.J. 352; compare Myer v. Myer, 296 N.Y. 979, 73 N.E.2d 562. We see no reason, however, to consider the constitutional questions raised in the plaintiff's brief.

The motion is denied.